IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                           ORDER

                Plaintiff,

      v.                                                               09-cr-4-bbc

RONNIE NEWMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant pleaded guilty to one count of felon in possession of a fireman and was sentenced on June 15, 2009 to a term of imprisonment of 46 months. He appealed his sentence and on January 5, 2010 the court of appeals dismissed the appeal.

      Now, one year later, defendant has filed another document labeled as a notice of appeal from the June 15, 2009 judgment of conviction. Because the notice is not accompanied by the $455 fee for filing an appeal, I construe defendant's notice to include a request for leave to proceed in forma pauperis on appeal.

      In determining whether plaintiff may appeal in forma pauperis, I must consider whether he is indigent and whether his appeal is taken in good faith. Defendant has not submitted an affidavit of indigency or a trust fund account statement since his first appeal

1

in 2009 so I can assess his financial ability to pay the fee. Nevertheless, I must deny him leave to proceed under 28 U.S.C. § 1915 because I am certifying that his appeal is not taken in good faith. Defendant cannot appeal his sentence a second time.

If plaintiff intends to challenge this court's certification that his appeal is not taken in good faith, he has 30 days from the date he receives this order in which to file with the court of appeals a motion for leave to proceed in forma pauperis on appeal. His motion must be accompanied by a copy of the affidavit prescribed in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.

In reviewing defendant's submission, however, it appears that perhaps he may not have intended it as a notice of appeal but rather as a challenge to the validity of his sentence under 28 U.S.C. § 2255. If instead of filing a notice of appeal, defendant wishes to file a § 2255 motion, he should so advise the court. The court must warn defendant that he has only one chance to file such a motion. Castro v. United States, 540 U.S. 375 (2003). I will hold his submission until defendant has had an opportunity to consider whether he wants to raise any other challenges to his conviction within the one-year period he has in which to file. If he proceeds with this motion, he will not have an opportunity to file a second motion to modify or vacate his sentence except in unusual circumstances and then only after he has received permission from the Court of Appeals for the Seventh Circuit for a second filing. See 28 U.S.C. § 2255 ¶ 8. If defendant wishes to proceed with his motion construed as one

2

under 28 U.S.C. § 2255, he must advise the court of his intention. Because it is likely that this § 2255 motion will be the only one he will be allowed to file, he should consider carefully whether he wants to add any other § 2255 claims.

ORDER

IT IS ORDERED that defendant's request for leave to proceed in forma pauperis on appeal from the June 15, 2009 judgment and conviction is DENIED. I certify that defendant's appeal is not taken in good faith.

Further, defendant Ronnie Newman's should advise the court that if he wants his notice to be construed as a motion under 28 U.S.C. §2255. If he chooses to proceed, he is either to attach a rewritten motion, setting out *all* his challenges to his sentence, or advise the court that his only challenges are the ones set out in his present filing.

Entered this 12th day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge